**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Preston M. Kennedy,**
**Claimant Below, Petitioner**

**vs.)     No. 21-0930** (BOR Appeal No. 2056660)
                    (Claim No. 2020011867)

**Mission Coal Company,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Preston M. Kennedy appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Mission Coal Company filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator a granted a 5% permanent partial disability award on November 7, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 22, 2021, Order. The Order was affirmed by the Board of Review on October 21, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Kennedy, a prep plant worker, injured his lower back on January 20, 2018, while lifting a bottle of oxygen. The employees' and physician's report of injury indicates Mr. Kennedy was diagnosed with unspecified spondylosis and right-side lumbago with sciatica as a direct result of an occupational injury. On January 30, 2018, the claim was held compensable for low back sprain/strain.

Joseph Grady II, M.D., performed an independent medical evaluation on October 22, 2019, in which he noted that Mr. Kennedy had prior back issues per a June 7, 2018, treatment note by Kelli Karper, M.D., though Mr. Kennedy denied prior back issues. After examination, Dr. Grady diagnosed lumbosacral sprain superimposed upon multilevel degenerative changes and spondylolisthesis. He opined that the degenerative changes and spondylolisthesis were not the result of the compensable injury. Dr. Grady assessed 3% impairment for range of motion loss. He then placed Mr. Kennedy in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 5%. Dr. Grady noted that the impairment should be apportioned but

---

[1]Petitioner, Preston M. Kennedy, is represented by Reginald D. Henry, and respondent, Mission Coal Company, is represented by Jeffrey B. Brannon.

did not do such apportionment. It is unclear why he declined to do so. On November 7, 2019, Mr. Kennedy was granted a 5% permanent partial disability award.

Robert Walker, M.D., performed an independent medical evaluation on March 22, 2020, in which he assessed 2% impairment from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*") and 16% for range of motion loss. Dr. Walker then placed Mr. Kennedy in Lumbar Category III from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. He then apportioned 3% for preexisting degenerative changes. Dr. Walker's total impairment assessment for the compensable injury was 10%.

On July 14, 2020, Michael Kominsky, D.C., performed an independent medical evaluation in which he diagnosed L3-4, L4-5, and L5-S1 disc protrusions; L4-5 retrolisthesis with mild instability; lumbar facet arthropathy; chronic lumbar sprain/strain; and L4-5 and L5-S1 bilateral neural foraminal compromise. Dr. Kominsky opined that the compensable injury resulted in a disc defect for which Mr. Kennedy may need to undergo surgery. Nevertheless, Dr. Kominsky found Mr. Kennedy had reached maximum medical improvement and assessed 13% impairment. He declined to apportion the impairment and attributed the entire amount to the compensable injury.

David Soulsby, M.D., performed an Independent Medical Evaluation on December 1, 2020, in which he assessed lumbar sprain/strain and lumbar degenerative disc disease. Dr. Soulsby assessed 21% impairment from Table 75 of the AMA *Guides* and placed Mr. Kennedy in Lumbar Category II from West Virginia Code of State Rules § 85-20-C. He adjusted the rating to 8% and apportioned 3% for preexisting degenerative disc disease.

The Office of Judges affirmed the claims administrator's grant of a 5% permanent partial disability award in its April 22, 2021, Order. The Office of Judges noted that the claim was held compensable for lumbar sprain/strain. It found that Dr. Kominsky's report was unreliable. Dr. Kominsky diagnosed a variety of noncompensable lumbar spine conditions and opined that Mr. Kennedy sustained a lumbar disc defect as a result of the compensable injury. Dr. Kominsky's assessment was therefore based on noncompensable conditions. The Office of Judges further found that though Dr. Kominsky stated that Mr. Kennedy had reached maximum medical improvement, he also noted that Mr. Kennedy required further treatment in the form of surgery.

Dr. Soulsby's evaluation was determined to be unreliable. Though Dr. Soulsby diagnosed lumbar sprain/strain and assessed impairment based on that condition, he failed to include the required low back examination form with his report.[2] The Office of Judges also found that Dr. Walker's report was not reliable. Dr. Walker failed to complete the low back examination form, and he included in his assessment L5 sensory radiculopathy, a clearly noncompensable condition.

---

[2]West Virginia Code of State Rules § 85-20-66.2 states that "[f]or any evaluation and examination of a compensable back injury, the back examination form previously adopted by the Workers' Compensation Commission must be completed and submitted with the narrative report." West Virginia Code of State Rules § 85-20-66.3 provides that "[a] report . . . without a completed back examination form shall be disregarded."

The Office of Judges ultimately relied on the report of Dr. Grady. It found that he diagnosed lumbar sprain/strain superimposed on multilevel degenerative changes and spondylosis. However, Dr. Grady did not attribute the degenerative changes and spondylosis to the compensable injury. His impairment assessment of 5% was based solely on the compensable injury. Therefore, the claims administrator's grant of a 5% permanent partial disability award was affirmed. In an October 21, 2021, decision, the Board of Review affirmed the Office of Judges' Order.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Of the four independent medical evaluators of record, Dr. Grady provided the most reliable and accurate assessment of Mr. Kennedy's impairment as a result of the compensable injury. Dr. Kominsky included noncompensable diagnoses in his evaluation. Further, though he asserted that Mr. Kennedy had reached maximum medical improvement, Dr. Kominsky also opined that he required further treatment in the form of surgery. Permanent partial disability awards are awarded to employees only after they have reached maximum medical improvement. West Virginia Code § 23-4-7a. "'Maximum medical improvement' means a condition that has become static or stabilized during a period of time sufficient to allow optimal recovery, and one that is unlikely to change in spite of further medical or surgical therapy." *Id.*

Dr. Soulsby erred in his report by failing to include the required low back examination form. Finally, Dr. Walker erred in his assessment by including noncompensable conditions in his rating. Impairment for permanent partial disability must be for a compensable condition in the claim. Therefore, the reports of Drs. Soulsby and Walker are unreliable. The only reliable report of record was that of Dr. Grady. His report included the required forms. Further, he assessed Mr. Kennedy's compensable injury and only the compensable injury. A preponderance of the evidence shows that Mr. Kennedy has been fully compensated by his 5% permanent partial disability award.

Affirmed.

3

**ISSUED: September 14, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn